**PREFERRED RISK MUTUAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**MICHIGAN CATASTROPHIC CLAIMS ASSOCIATION, Defendant–Appellant.**

No. 87–1301.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1988.

Decided March 8, 1990.

Donald S. Young, Dykema, Gossett, Spencer, Goodnow & Trigg, Lori M. Silsbury, Kathleen M. Lewis (argued), Marybeth Targett, Detroit, Mich., for defendant-appellant.

Steven C. Berry (argued), Franklin, Bigler, Berry and Johnson, P.C., Troy, Mich., for plaintiff-appellee.

Philip J. Smith, Asst. Atty. Gen., Lansing, Mich., for amicus curiae Attorney General.

Before MARTIN, GUY and BOGGS, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff, Preferred Risk Mutual Insurance Company (Preferred), sought a declaratory judgment against the Michigan Catastrophic Claims Association (Association) for indemnification of benefits paid under a policy issued to a nonresident of Michigan. Plaintiff argued that, in accordance with Mich.Comp.Laws Ann. § 500.3104(2) (West 1983), the Association was liable to it for indemnification of one hundred percent of the loss sustained by Preferred in excess of $250,000 for personal protection insurance benefits paid to a nonresident insured. The Association argued that the Plan of Operation (Plan) adopted by the Association pursuant to the terms of the statute controlled because the statute did not specify the terms, limits, or conditions of indemnification. The Plan specifically limits indemnification to those losses arising under policies issued to Michigan residents. The Association further argued that Preferred was estopped from claiming indemnification for a loss to a nonresident insured. Both plaintiff and defendant moved for summary judgment. The district court denied the Association's motion and granted summary judgment in favor of Preferred. This appeal followed.

---

On appeal, the Association argued that the district court misinterpreted section 500.3104(2) by reading it in isolation rather than in *pari materia* with the other pertinent sections of the Act. Prior to oral argument, the Association filed a motion to certify this question to the Supreme Court of Michigan. We deferred ruling upon the Association's motion until after arguments. Upon hearing the parties' arguments and upon further consideration, we determined that the interpretation of section 500.3104(2) presented a question of Michigan law that was not controlled by Michigan Supreme Court precedent. We therefore certified the following question to the Michigan Supreme Court:

> Does the Motor Vehicle Personal and Property Protection Act, Mich.Comp. Laws Ann. §§ 500.3101–.3179, require the Michigan Catastrophic Claims Association to indemnify member insurers for losses paid in excess of $250,000 to insurers who are not residents of the State of Michigan but who were injured as a result of an automobile accident occurring in the State of Michigan?

The Michigan Supreme Court has now issued its opinion in response to our request for certification. *In re Certified Question, Preferred Risk Mutual Ins. Co. v. Michigan Catastrophic Claims Ass'n,* 433 Mich. 710, 449 N.W.2d 660 (1989). Since the Michigan Supreme Court decision is a published case, we need not reiterate its holdings in detail. Suffice it to say that it answered the certified question in the negative, which was contrary to the interpretation placed upon the Michigan law by the district court.

Accordingly, we REVERSE and REMAND for further proceedings consistent with the decision reached by the Michigan Supreme Court.[1]

---

1. We also wish to express our appreciation to the Michigan Supreme Court for accepting certification and resolving this difficult question of statutory interpretation.